WILLIAM HAYS WEISSMAN, Bar No. 178976
wweissman@littler.com
JOHANNA R. CARNEY, Bar No. 277946
jcarney@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California  94597
Telephone:    925.932.2468
Facsimile:    925.946.9809

Attorneys for Defendant
CNO SERVICES, LLC and BANKERS LIFE AND
CASUALTY COMPANY

**IT IS SO ORDERED**

Judge Yvonne Gonzalez Rogers

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELA PEDERSEN, an individual,<br><br>       Plaintiff,<br><br>     v.<br><br>CNO SERVICES, LLC dba BANKERS<br>LIFE AND CASUALTY COMPANY,<br>BANKERS LIFE AND CASUALTY<br>COMPANY, SAM DOE and DOES 1-20,<br>inclusive,<br><br>       Defendants. | Case No.  3:15-cv-01472 YGR<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Judge Gonzalez Rogers' Standing Order for Certain Employment Cases, the Model Protective Order contained therein, and the Local Rules of the Northern District of California, the Parties to the above-entitled action hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.     Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a

deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "confidential information."

2.     Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3.     In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4.     Information or documents designated as "confidential" shall not be disclosed to any person, except:

a.     The requesting party and counsel, including in-house counsel;

b.     Employees of such counsel assigned to and necessary to assist in the litigation;

c.     Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

d.     Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

e.     The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

5.     Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

ITLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

STIPULATED PROTECTIVE ORDER          2.          Case No.  3:15-cv-01472 YGR

1    a.    inform the person of the confidential nature of the information or documents;

2  and inform the person that this Court has enjoined the use of the information or documents by

3  him/her for any purpose other than this litigation and has enjoined the disclosure of that information

4  or documents to any other person.

5    b.    The Confidential Information may be displayed to and discussed with the

6  persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or

7  discussion, each such person shall be asked to sign an agreement to be bound by this Order in the

8  form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form

9  attached as Exhibit A, the party desiring to disclose the Confidential Information may seek

10  appropriate relief from the Court.

11    6.    The disclosure of a document or information without designating it as "confidential"

12  shall not constitute a waiver of the right to designate such document or information as Confidential

13  Information provided that the material is designated pursuant to the procedures set forth herein no

14  later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the

15  document or information's production. If so designated, the document or information shall

16  thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and

17  Order.

18    7.    All information subject to confidential treatment in accordance with the terms of this

19  Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed

20  with the Court disclosing any Confidential Information, shall be filed under seal to the extent

21  permitted by law (including without limitation any applicable rules of court) and kept under seal

22  until further order of the Court. To the extent the Court requires any further act by the parties as a

23  precondition to the filing of documents under seal (beyond the submission of this Stipulation and

24  Order Regarding Confidential Information), it shall be the obligation of the producing party of the

25  documents to be filed with the Court to satisfy any such precondition. Where possible, only

26  confidential portions of filings with the Court shall be filed under seal.

27    8.    At the conclusion of litigation, the Confidential Information and any copies thereof

28  shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer

ITLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

STIPULATED PROTECTIVE ORDER                    3.          Case No.  3:15-cv-01472 YGR

1    subject to further appeal) returned to the producing party or certified as destroyed, except that the

2    parties' counsel shall be permitted to retain their working files on the condition that those files will

3    remain confidential.

4        The foregoing is entirely without prejudice to the right of any party to apply to the Court for

5    any further Protective Order relating to confidential information; or to object to the production of

6    documents or information; or to apply to the Court for an order compelling production of documents

7    or information; or for modification of this Order. This Order may be enforced by either party and

8    any violation may result in the imposition of sanctions by the Court.

9        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10

11   DATED:  April 30, 2015                    **KESTEN-LAW**

12                                             By: */s/ Steven Kesten*
                                                   Steven Kesten, Esq.
13                                                 Samuel Kesten, Esq.

14                                             **LAW OFFICE OF PETER LACQUES**

15

16                                             By: */s/Peter Lacques, Esq.*
                                                   Peter Lacques, Esq.
17
                                                   Attorneys for Plaintiff
18                                                 DANIELA PEDERSEN

19   DATED:  April 29, 2015                    **LITTLER MENDELSON**

20

21                                             By: */s/ William Hays Weissman*
                                                   William Weissman
22                                                 Attorneys for Defendants
                                                   CNO SERVICES, LLC and BANKERS
23                                                 LIFE AND CASUALTY COMPANY

24       **I hereby attest, pursuant to Civil Local Rule 5-1(i)(3) that I have obtained**

25   **concurrence in the filing of this document from each of the signatories shown above.**

26

27   Dated: April 30, 2015              By:    */s/ William Hays Weissman*
                                               WILLIAM HAYS WEISSMAN
28

ITLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

STIPULATED PROTECTIVE ORDER          4.        Case No.  3:15-cv-01472 YGR

1    PURSUANT TO STIPULATION, IT IS HEREBY ORDERED by the Court that the
2    aforementioned restrictions and procedures shall apply to certain information, documents
3    and excerpts from documents supplied by the parties to each other in response to discovery
4    requests.

5
6    DATED:   May 7, 2015
     U.S. District Judge Yvonne Gonzalez Rogers

ITLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

STIPULATED PROTECTIVE ORDER          5.          Case No.  3:15-cv-01472 YGR

1

<u>**EXHIBIT A**</u>

2      I, _____ [full name], of _____ [full

3 address], declare under penalty of perjury that I have read in its entirety and understand the

4 Stipulated Protective Order that was issued by the United States District Court for the Northern

5 District of California on _____[date] in the case of *Pedersen v. CNO Services, LLC*,

6 et al., Case No.  3:15-cv-01472 YGR.  I have been informed by counsel that certain documents or

7 information to be disclosed to me in connection with this matter have been designated as

8 confidential.  I have been informed that any such documents or information labeled

9 "CONFIDENTIAL  –  PRODUCED  PURSUANT  TO  PROTECTIVE  ORDER"  or

10 "CONFIDENTIAL" are confidential by Order of the Court.

11      I hereby agree that I will not disclose any information contained in such documents to any

12 other person.  I further agree not to use any such information for any purpose other than this

13 litigation.

14      I further agree to submit to the jurisdiction of the United States District Court for the

15 Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

16 Order, even if such enforcement proceedings occur after termination of this action.

17

18 DATED: _____      _____

19 Signed in the Presence of: _____ (counsel of record)

20

21

22

23

24

25

26

27

28

ITLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

STIPULATED PROTECTIVE ORDER          6.          Case No.  3:15-cv-01472 YGR