UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIELA PEDERSEN,**<br><br>         **PLAINTIFF,**<br><br>    **V.**<br><br>**CNO SERVICES, LLC DBA BANKERS LIFE AND CASUALTY COMPANY, BANKERS LIFE AND CASUALTY COMPANY, SAM DOE AND DOES 1-20,**<br><br>         **DEFENDANT.** | **CASE NO. 15-CV-1472 YGR**<br><br>**PRETRIAL ORDER NO. 1 RE: INITIAL PRETRIAL CONFERENCE** |

Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, held on September 30, 2016, and for good cause shown, the Court enters the following orders:

1. **Trial Date and Schedule:** The trial of this matter is confirmed to proceed in Courtroom 1 on October 11, 2016. Counsel shall arrive each day in court early enough to proceed on the record promptly at 8:00 a.m. The trial schedule will be Monday through Friday, from 8:30 a.m. to 3:00 p.m. with a 15-minute break at 10:15 and a 45-minute break at 12:15, except as noted in paragraph 2.

2. The Court will not be in session on October 20 or 21, 2016.

3. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Sidebars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours. In this regard, Counsel should also be prepared to reconvene with the Court after the Court's standing afternoon calendars.

4. The parties are hereby allocated thirteen (13) hours each, *including* for opening statements and closing arguments.

5. The Court sets the next pre-trial conference for **Wednesday, October 5, 2016 at 10:00 a.m.** Prior to said conference, the parties shall meet and confer on exhibits and jury instructions.
    a. A revised set of instructions shall be filed on Monday, October 3, 2016.
    b. All disputes regarding documents shall be filed by noon on Tuesday, October 4, 2016.
    c. With respect to motion *in limine* in No. 3, plaintiff shall file a proffer by Monday, October 3, 2016, at 5:00 p.m. Defendant shall file a response by Tuesday, October 4, 2016, at 5:00 p.m.
6. **Dismissed Counts**: The following counts from the operative Second Amended Complaint are dismissed: Two, Three, Eight, Ten, Twelve, Thirteen, Fifteen, Sixteen and Seventeen.
7. **Standard Motions *in Limine*:** The Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.
8. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.
9. **Stipulations**
    a. Those set forth in Docket No. 69 are **GRANTED**.
    b. Defendant stipulates that it concedes that an "undue hardship" did not exist to the extent that the term means that it could not afford plaintiff's requested accommodation or that it would have been a financial burden. To the extent admissible, the Court will allow evidence as to the use of the phrase in email correspondence.
    c. Defendant stipulates that CNO Services LLC and Bankers Life and Casualty Company are deemed a single employer and jointly and severally liable.
10. **Witnesses:** The parties are limited to calling the witnesses submitted on the list filed for the Pretrial Conference. Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order. **By Monday, October 3,**

1  **2016**, the parties shall file a list of all witnesses, attorneys, and support staff in alphabetical
2  order to be shown to prospective jurors during *voir dire*.  The list shall not contain pleading
3  lines or any headers.  A Word version shall be sent to the Court's proposed order email
4  address.
5  11. **Exhibits and Exhibit Lists:**  The parties are limited to using the Exhibits submitted on the list
6  filed for the Pretrial Conference.  In light of the nature of the documentary evidence, the
7  parties shall provide the Court with courtesy binders of (i) joint exhibits, (ii) plaintiff exhibits,
8  and (iii) defense exhibits.  A similar set of binders shall be provided for the witnesses.
9  No witness may be shown any document or other object until it has been marked for
10 identification using an exhibit number.  To the extent the parties agree on further stipulations,
11 they shall file updated Exhibit Lists identifying those for which a stipulation of admissibility
12 exists with an "S" in the appropriate box.
13 The jury may not be shown any exhibits until they are admitted into evidence or stipulated
14 to by the parties as to their admissibility without the express permission of the Court.
15 12. **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior
16 to the day when they will be used.  Arrangements may be made with the Courtroom Deputy,
17 Frances Stone, at (510) 637-3540, as to the appropriate time for doing so.
18 13. **Jurors and Peremptory Challenges:**  The Court will seat a total of eight (8) jurors and no
19 alternates.  The Court sets the number of peremptory challenges at four (4).  *Batson* motions
20 must be made in a timely fashion.  Argument on the same shall be made outside the presence
21 of the jury panel.
22 In accordance with Model Rule of Professional Conduct 3.5(b) and Formal Opinion
23 for 466, the parties "may review a juror's or potential juror's Internet presence, which may
24 include postings by the juror or potential juror in advance of and during the trial, but . . . may
25 not communicate directly or through another with a juror or potential juror."  A party "may
26 not, either personally or through another, send an access request to a juror's electronic social
27 media. An access request is a communication to a juror asking the juror for information that
28 the juror has not made public and that would not be the type of *ex parte* communication

3

1 prohibited by Model Rule 3.5(b)." Further, to the extent a juror is questioned based upon that
2 information, counsel shall advise the juror of the investigation.

3 14. Per the Court's Standing Order, the Court will give Model Instructions 1.1B, 1.2, 1.3 and/or
4 1.4, 1.6–1.12, 1.14–1.15, 1.19, and 3.1–3.3 from the Manual of Model Civil Jury Instructions
5 for the Ninth Circuit (2007 Edition).

6 15. **Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or
7 exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur
8 no later than the close of business on the Wednesday before trial. Any objections not resolved
9 must be filed in writing by the Thursday before trial. The parties shall be available by
10 telephone on the Friday before trial to discuss the issues raised with the Court. The parties are
11 reminded that the purpose of an Opening Statement is not to argue the facts but to provide the
12 jurors with an outline of what each side expects the evidence will show.

13 16. **Expert Disclosures/Fed. R. Civ. P. 68 Offers:** To the extent applicable, counsel shall lodge
14 with the Court on the first day of trial two copies of all expert disclosures, including any
15 supplements, as well as all offers of judgment made under Fed. R. Civ. P. 68.

16 17. **Doe Defendants**: All Doe Defendants will be deemed dismissed once the jury, or first
17 witness, is sworn, whichever occurs first.

18 18. **Depositions to be Used at Trial:** Any party intending to use a deposition transcript at trial for
19 any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the
20 original is not available) for use by the Court *and* shall have extra copies available for use by
21 him/herself *and* the witness. All other parties are expected to have their own copies available.
22 The parties shall each prepare and provide an index of the lodged transcripts and shall review
23 the same with the courtroom deputy upon lodging the transcripts. Before each trial day,
24 counsel shall confer with the courtroom deputy and identify which of the transcripts may be
25 used that day.

26  A transcript shall be provided of the portions read to the jury. The court reporter shall
27 be relieved of her duties to transcribe that portion of the trial. In lieu of the court reporter's
28 transcription, the parties shall file in the docket a copy of that portion of the transcript used

during the trial. The filing shall be designated: "Plaintiff's /Defendant's Trial Related Transcript(s) for Video Deposition(s)." The filing shall include an index listing the name of the deponent-witness and the date used during trial.

19. **Witnesses at Trial:** The party presenting evidence shall give the other party 24 hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

20. **Objections:** There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

21. **Jury Questions:** The Court allows written jury questions, which it will share with counsel at the break(s) and then place in the record.

22. **Punitive Damages:** If the jury will be asked to consider punitive damages, the following additional orders apply:

    a. Defendant shall have all relevant financial data in Court in a sealed envelope once trial begins;

    b. Counsel shall have all witnesses who will be called to testify regarding the financial status of the relevant party (e.g., to authenticate relevant documents, etc.) available on one (1) hour notice once jury deliberations begin; and

    c. The parties shall meet and confer regarding written stipulations to streamline this phase of the case.

23. **Requests for Transcripts:** If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-

637-3534) **at least** one week prior to the commencement of the trial.

24. **Settlement:** Counsel shall promptly notify the Court by phone and email (for after hours, use: ygrchambers@cand.uscourts.gov) of any settlement. The notification shall indicate what further steps need to be taken to finalize the settlement. Unless the Court receives notice of settlement by 4:00 p.m. on the Friday prior to the Monday trial, jury costs will be assessed where the parties do not proceed to trial as scheduled. Civ. L.R. 40-1. Parties are advised that the trial and all trial-related dates will not be vacated until a formal Notice of Settlement is filed.

25. **Trial Decorum and Procedure:** Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission.

    During *voir dire* you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

26. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

IT IS SO ORDERED.

Dated: September 30, 2016

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE